IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRUMAN STALIN ALVAREZ, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. 1:17-cv-0141-PX |
| ASRESAHEGN GETACHEW, M.D., | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM OPINION

Pending before the Court is Plaintiff Bruman Stalin Alvarez's ("Alvarez's") Motion for Partial Reconsideration of this Court's order granting summary judgment as to Defendant Wexford Health Services ("Wexford"). ECF No. 117. The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the motion is denied.

**I.    Background**

This case concerns the constitutional adequacy of the medical care Alvarez received while an inmate in the custody of the Maryland Department of Public Safety and Correctional Services ("DPSCS"). *See* ECF Nos. 1 & 107. Alvarez suffers from serious and chronic knee pain and has sought treatment for this injury since at least 2014. ECF No. 107 at 1. Alvarez has maintained in this suit that the medical care Defendants provided was so poor that it violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. *See* ECF No. 1.

Alvarez originally pursued a wide array of claims against prison physicians and the contract medical provider, Wexford. ECF Nos. 1 & 41. This Court dismissed all claims but the Eighth Amendment claims against Defendants Wexford, Asresahegn Getachew, M.D.

("Getachew"), and Dr. Robustino Barrera, M.D. ("Barerra").[1]  ECF No. 41 at 29–30.

At the close of discovery, Defendants moved for summary judgment in their favor. ECF No. 94. The Court granted the motion as to Wexford and Barerra but denied it as to Defendant Getachew. ECF No. 107 at 10–12, 14. For Wexford, the Court concluded that no evidence demonstrated the existence of any unconstitutional policies, practices, or customs that gave rise to Alvarez's claim. *Id.* at 13–14 (requiring the corporation assuming the role of state actor to have committed the constitutional violation pursuant to its own "policy or custom" in order to establish liability under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)).

Alvarez now seeks reconsideration of this Court's decision as to Wexford, contending that he had not received adequate notice that Defendants were seeking summary judgment on the *Monell* claim. ECF No. 117. Because the record clearly reflects that Alvarez had ample notice of the *Monell* arguments at the summary judgment stage, the motion must be denied.

##       II.     Standard of Review

Courts may reconsider interlocutory orders "at any time prior to the entry of a final judgment." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991); Fed. R. Civ. P. 54. Courts will reconsider interlocutory decisions based on: (1) a change in controlling law; (2) additional evidence that was not previously available; or (3) a showing that the prior decision was clearly erroneous or manifestly unjust. *See Boyd v. Coventry Health Care Inc.*, 828 F. Supp. 2d 809, 814 (D. Md. 2011) (quotation omitted); *cf. Paulone v. City of Frederick*, No. WDQ-09-2007, 2010 WL 3000989, at *2 (D. Md. July 26, 2010). Federal courts are obligated to reach the correct judgment under law, "[alt]hough that obligation may be tempered at times by concerns of finality and judicial economy." *Am. Canoe Ass'n v. Murphy*

---

[1] Alvarez has voluntarily dismissed his claims against Sharon Baucom, M.D. (ECF No. 91), and the Court dismissed all claims against Janice Gilmore after she passed away. ECF Nos. 43 & 107.

*Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003).  Where a party "merely requests the district court to reconsider a legal issue or to 'change its mind,' relief is not authorized.'" *Pritchard v. Wal Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001) (quoting *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982)).

Because Alvarez maintains that this Court awarded summary judgment as to Wexford on grounds not properly before it, the Court revisits the legal standard for reviewing a motion for summary judgment.  *See* Fed. R. Civ. P. 56.  Rule 56 provides that a "party may move for summary judgment, identifying each claim or defense … on which summary judgment is sought," and "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A court may reach *sua sponte* alternative grounds supporting the grant of summary judgment, provided the "losing party" was on notice "to come forward" with all evidence relevant to the challenge.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).  The party must also have had an opportunity to "present [his] case" and defend against summary judgment on those specific grounds.  *Adams Hous., LLC v. Cty. of Salisbury, Md.*, 672 F. App'x 220, 222 (4th Cir. 2016) (quotation omitted); *see also* C. Wright & A. Miller, Fed. Practice & Procedure, § 2719 (4th ed. 2021) ("Although summary judgment may be sustained on a ground not mentioned in the motion, the key is whether the parties have had an adequate opportunity to argue and present evidence on that point."); *Penley v. McDowell Cty. Bd. of Educ.*, 876 F.3d 646, 661 (4th Cir. 2017) (quoting *Celotex*, 477 U.S. at 326).  For this reason, courts generally refuse to consider arguments "raised for the first time in a reply brief or memorandum."  *L.D. v. Anne Arundel Cnty. Pub. Sch.*, No. CCB-18-1637, 2020 WL 1675987, at *3 (D. Md. Apr. 6, 2020)

(quotations and citations omitted).

### III. Analysis

Although Alvarez argues essentially that the Court reached the *Monell* issue *sua sponte* and with no notice to him, the record reflects otherwise. From the inception of this litigation, Wexford's potential liability under *Monell* has been front and center. *See* ECF No. 41 at 19. At the motion to dismiss stage, Alvarez persuaded the Court to allow a *Monell* claim against Wexford to proceed on the theory that Wexford implemented an "official policy" to "customarily den[y] medical care." ECF No. 30-1 at 10; ECF No. 41 at 20. But after discovery, the Court concluded that Alvarez failed to generate sufficient evidence to support that liability theory. ECF No. 107 at 13. Urging reconsideration, Alvarez now insists that Defendants never moved for summary judgment on *Monell* grounds and only raised this defense for the first time in their reply brief. ECF No. 117 at 4. Alvarez is mistaken.

Defendants moved for summary judgment on all remaining claims, including those against Wexford. ECF No. 94-2 at 5. In doing so, Defendants argued that "no evidence" supported the existence of "any unconstitutional policies or customs in caring for inmates such as Mr. Alvarez." *Id.* Defendants further underscored the lack of evidence as to any Wexford policy that allegedly prioritized "cost saving" measures and "administrative convenience" over patient care. *Id.* at 3; *see also id.* at 6 (summarizing Getachew testimony that "good, cost-effective medical care" is not synonymous with "cutting corners" and "saving money"); *id.* at 7 (discussing Barrera testimony that "cost of treatment has never come up in the collegial discussions"). Clearly, Defendants' arguments at summary judgment placed Alvarez on notice that the Court could consider arguments in favor of summary judgment as to Wexford's *Monell*

liability.

Alvarez pushes back, highlighting that Defendants had not invoked the specific term "*Monell* liability," in their opening summary judgment memorandum. ECF No. 117 at 4. But no authority supports imposing such a restrictive notice standard. This is especially so where Alvarez vigorously urged *denial* of summary judgment as to Wexford on *Monell* liability. *See* ECF No. 98. In his opposition to summary judgment, Alvarez argued quite pointedly that Wexford maintained a policy to "delay[] treatment" and prioritize "cost-saving" measures and "administrative convenience" above all else. *Id.* at 5, 11–12. In this respect, Alvarez cannot claim lack of notice now where he had argued so vigorously for denial of summary judgment as to Wexford's *Monell* liability.

Finally, the Court is not persuaded that Alvarez would have made different arguments had he known Defendants were seeking summary judgment in favor of Wexford on *Monell* liability. *See* ECF No. 117 at 5. This is because Alvarez already made largely the same arguments that he claims to have been denied an opportunity to present. *Compare id.* (arguing Alvarez would have portrayed Getachew as a final decisionmaker) *with* ECF No. 98 at 10 (arguing Wexford implemented its policy vis-à-vis those in supervisory roles such as Getachew); *id.* at 12 (highlighting Getachew's authority to supersede InterQual recommendations and do what, in his clinical judgment, was best); *compare* ECF No. 117 at 5 (asserting Alvarez would have framed policy as prioritizing cost-saving measures had he been given the opportunity) *with* ECF No. 98 at 5, 10 (emphasizing cost-saving measures in official policy). Because Alvarez provides no persuasive reason for this Court to reconsider its decision as to Wexford, the motion

must be denied.

## IV. Conclusion

In sum, the Court cannot credit Alvarez's argument that he had been deprived notice of Defendants' summary judgment argument as to Wexford. Accordingly, the Court concludes that it committed no error, and certainly not clear error in reaching the claim. The motion to reconsider is denied. ECF No. 117. A separate Order follows.


April 21, 2021_____         \_\_\_/S/_____
Date                                          Paula Xinis
                                              United States District Judge