IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRUMAN ALVAREZ, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:17-cv-00141-PX |
| ASRESAHEGN GETACHEW, M.D., | * | |
| Defendant. | * | |

***

## MEMORANDUM OPINION

Following a four-day trial in this prisoner civil rights dispute, the jury returned a verdict in favor of Defendant Asresahegn Getachew, M.D.  ECF No. 181.  Now pending before the Court are Plaintiff Bruman Alvarez's post-trial motions for a new trial, ECF No. 201, to appoint appeal counsel, ECF No. 200, and for transcripts free of charge, ECF No. 210.  The motions are fully briefed.  Finding no hearing necessary, *see* D. Md. Loc. R. 105.6, and for the following reasons, the Court DENIES Plaintiff's motions.

**I.    Background**

Evidence at trial established that Plaintiff Bruman Alvarez ("Alvarez"), an inmate imprisoned at Western Correctional Institution ("WCI"), has suffered longstanding degenerative knee problems.  ECF No. 186 at 188:16–190–6.  This matter concerned the quality of care that Alvarez received for his right knee from the prison contract healthcare providers employed through Wexford Health Services.  ECF Nos. 186 at 12:12–20, 144:22–145:9.

On September 15, 2014, Dr. Robustiano Barrera, a primary care physician, examined Alvarez' knee and ordered that he see an orthopedic surgeon and receive an MRI to ascertain the source of his pain.  ECF No. 186 at 42:7–23, 43:3–44:12.  The recommendation was approved and, on November 18, 2014, board-certified orthopedic surgeon, Dr. Ashok Krishnaswamy,

examined Alvarez and diagnosed him with a medial meniscus tear. *Id.* at 11:17–21, 45:2–7; ECF No. 187 at 59:19–24. Dr. Krishnasawamy recommended that Alvarez receive arthroscopic knee surgery "soon." ECF No. 186 at 21:2–22:2, 46:2–5.

At that time, Defendant Dr. Getachew was head of Utilization Management for WCI, a group of healthcare providers who oversee inmates' course of care. In that capacity, Dr. Getachew made the final decisions as to the provision of medical services for Alvarez' knee problems. ECF No. 187 at 53:22–54:17, 55:4–7. After review and consultation with other medical personnel, Dr. Getachew refused to authorize surgery for Alvarez and instead ordered the more conservative treatment of physical therapy and a knee brace. ECF No. 186 at 59:18–23.

These non-surgical alternatives brought Alvarez little relief and so, on January 2, 2015, he was seen by another board-certified orthopedic surgeon, Dr. Roy Carls. Dr. Carls also "strongly" recommended surgery. ECF Nos. 185 at 201:15–16, 203:8–17, 209:6–210:17; 186 at 48:10–16; 187 at 62:17–23.

Dr. Getachew ultimately approved the surgery in June of 2015. *See* ECF Nos. 186 at 61:5–18; 187 at 67:23–68:16. But the procedure had to be postponed because Alvarez at the time was suffering from acute back pain stemming from his degenerative disc disease. ECF No. 186 at 61:19–62:12, 198:7–199:9. By August of 2015, however, the back pain had resolved such that Alvarez urged Dr. Getachew to approve the knee surgery. *Id.* at 199:12–200:12.

A year and a half later, Alvarez still had not received the surgery. During this time, Alvarez' knee would dislocate, lock, and give out, causing him much pain. ECF Nos. 186 at 49:14–16, 203:6–11; 187 at 69:8–10. Alvarez walked with a cane, and for longer distances, used a wheelchair. ECF No. 186 at 49:17–21, 203:17–204:2. On one occasion, Alvarez spilled

scalding hot liquid on himself when his knee gave out, resulting in third-degree burns. *Id.* at 206:22–207:10.

On January 13, 2017, Alvarez filed suit pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth Amendment right to be free from cruel and unusual punishment arising from an unreasonable delay in medical care. *Id.*[1]  Thereafter, the Court denied defendants' motion to dismiss and appointed counsel to represent Alvarez. Counsel vigorously litigated the matter through discovery and another round of dispositive motions. Ultimately, a single count alleging an Eighth Amendment violation remained as to Dr. Getachew only.

Trial commenced on September 28, 2021. ECF No. 170. After four days of testimony and evidence, the jury returned a verdict in Dr. Getachew's favor and judgment was entered on October 12, 2021. ECF Nos. 181 & 184. Court-appointed counsel withdrew from the case. ECF Nos. 189–92. Now Alvarez, proceeding pro se, requests appointment of new counsel, ECF No. 200, a new trial, ECF No. 201, and the trial transcripts free of charge, ECF No. 210. The Court turns first to Alvarez' motion for new trial.

**II.   Analysis**

    **A.  New Trial**

Liberally construed, the motion requests both a new trial and to alter or amend the judgment. ECF No. 201; Fed. R. Civ. P. 59(e). As for the requested new trial, the Court may grant a new trial under Federal Rule of Civil Procedure 59(a) "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Because every litigant is entitled to one fair trial, not two, the decision of whether

---

[1] Alvarez received arthroscopy in July of 2017. ECF No. 187 at 41:1–3.

to grant or deny a motion for a new trial lies within the discretion of the district court." *Wallace v. Poulos*, 861 F. Supp. 2d 587, 599 (D. Md. 2012) (internal citations and quotation marks omitted); *see also King v. McMillan*, 594 F.3d 301, 314-15 (4th Cir. 2010). A new trial is warranted "only if the verdict (1) is against the clear weight of the evidence, (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Wallace*, 861 F. Supp. 2d at 599 (citing *Knussman v. Maryland,* 272 F.3d 625, 639 (4th Cir. 2001)). The Court should grant a new trial where it is "reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done." *Pathways Psychosocial v. Town of Leonardtown*, 223 F. Supp. 2d 699, 706 (D. Md. 2002) (internal citations and quotation marks omitted).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." 11 Wright et al., Federal Practice and Procedure § 2810.1, at 156–57 (3d ed. 2022). Such a motion should be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *See Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "[I]f a party relies on newly discovered evidence" to support the motion, "the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal citations and quotations marks omitted).

In support his requested relief, Alvarez contends that the Court generally erred in instructing the jury on the scope of Dr. Getachew's liability for acts taken in his individual capacity. ECF No. 201 at 1. Where the movant claims error in jury instructions, a new trial is warranted only if he demonstrates that the challenged instruction was "erroneous and the error 'seriously prejudiced' the moving party's case." *Goodman v. Praxair Services, Inc.*,

2011 WL 13176593, at *10 (D. Md. 2011); *cf. RFT Mgmt. Co., LLC v. Powell*, 607 F. App'x 238, 243 (4th Cir. 2015) ("[W]e will not set aside a resulting verdict unless the erroneous instruction seriously prejudiced the challenging party's case."). Further, because Alvarez failed to object to this instruction at trial, he must demonstrate any alleged error was plain and "affects substantial rights." *See* Fed. R. Civ. P. 51(d)(2). Alvarez has made no such showing. The Court has reviewed the relevant jury instructions, ECF No. 178 at 17–19, and can discern no error, let alone plain error. Thus, the motion must be denied on this basis.

Likewise, as to purported "newly discovered evidence," Alvarez argues, without support, that certain utilization management notes were "false as to the dates and time [sic]." ECF No. 201 at 4. Alvarez also argues that the defendant breached its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). These arguments are meritless. *Brady* applies only to criminal matters, requiring the prosecution to disclose to the criminal defendant any exculpatory evidence. *See Brodie v. Dep't of Health & Hum. Servs.*, 951 F. Supp. 2d 108, 118 (D.D.C. 2013), *aff'd sub nom. Brodie v. U.S. Dep't of Health & Hum. Servs.*, No. 13-5227, 2014 WL 211222 (D.C. Cir. 2014). Nor are the notes newly discovered evidence. In fact, the notes had been produced well in advance of trial and admitted at trial as a joint exhibit. ECF Nos. 174 Ex. 2; 187 at 76:23–24; 188 at 89:2–8, 113:11–13. Alvarez, through counsel, also had ample opportunity to explore the reliability of the notes with relevant witnesses. ECF No. 187. Accordingly, the motion must be denied.[2]

---

[2] Alvarez also seeks judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). ECF No. 206 at 1. However, a renewed motion for judgment as a matter of law after trial under Rule 50(b) can only be granted "[i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a)[.]" Fed. R. Civ. P. 50(b). A Rule 50(a) motion must be made "at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). Alvarez never moved for relief under Rule 50(a). *See* ECF Nos. 185–88. Thus, relief under Rule 50(b) is not available.

### B. Remaining Motions

Alvarez separately moves for the reappointment of counsel in light of the case's complexity, Covid-19, his limited access to the law library, and because his prior court-appointed attorneys declined to appeal the verdict on his behalf. ECF No. 200 at 1. The Court appoints counsel for a pro se litigant who possesses "a colorable claim but lacks the capacity to present it." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978). Because all post-trial grounds for relief lack merit, the Court declines to appoint counsel. As to appellate counsel, the United States Court of Appeals for the Fourth Circuit must make that determination. *See* 4th Cir. Loc. R. 46(d);[3] *see also Barker v. United States*, 2022 WL 2976530, at *24 (N.D. W. Va. 2022).

Alvarez also asks for transcripts free of charge. ECF No. 210. "An indigent [litigant] is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw." *See United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963); *see also United States v. Ilodi*, 982 F. Supp. 1046, 1049 (D. Md. 1997). To be sure, Alvarez is of limited financial means. But he was present for the entirety of the trial and is intimately familiar with the proceedings. He has failed to demonstrate any such legal need for the transcripts. Accordingly, the request is denied.

### III. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff Bruman Alvarez' motion for new trial (ECF No. 201), motion to appoint counsel (ECF No. 200), and motion for transcripts free of charge, (ECF No. 210). A separate Order follows.

August 17, 2022  
Date

/s/  
Paula Xinis  
United States District Judge

---

[3] For civil appeals, "[a]ssignment of counsel is discretionary. . . . Therefore, such cases receive a preliminary review before a decision is made regarding appointment of counsel." 4th Cir. Loc. R. 46(d).